Learned, P. J.
The return of the justice is not very clear. After reciting plaintiff’s proof of his cause of action, it proceeds: “Defendant offers a note of $125 given by plaintiff, and another to defendant. Plaintiff objects to it as a counter-claim, and that it was not an offset against plaintiff. Plain *95 tiff said note was good, and lie would not repudiate, but would allow; but it was not a legal claim. Defendant moves to dismiss the complaint; that judgment be rendered against the plaintiff for cost; no objection to the note being paid, consenting to the whole thing. No defense; no witnesses sworn.” Now, it appears from this that no formal proof of the execution of the note was given. The plaintiff objected to its introduction, but would allow it. The ground of defendant’s motion to dismiss is not stated; and it would seem that defendant had no objection to the note being paid, “consenting to the whole thing.” We think it is a fair construction that the plaintiff objected to the note as a counter-claim, but offered to allow it as payment on this ■claim, and that the defendant consented to this. Very possibly the plaintiff feared that, if the note came in as a counter-claim, the objection might be -taken (which is now urged) that the sum total of amounts would exceed the justice’s jurisdiction. Therefore he says: “I object to this as a counterclaim, but I am willing to allow it as a payment. ” The defendant says he has no objection to the note being paid,—that is, by this allowance,—and consents to the whole thing. The matter was very justly and properly disposed of. The judgment of the county court should be affirmed, with costs.
Landon and Ingalls, JJ., concur.